UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE RAY McKINLEY JR., Inmate #H-83058,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>R. FRENTZ, R. YOUNG, D. PASCHAL, C. STEWART, BETH, K. MOORE, L. KEARNS, E. BUTLER, J.T. OCHOA, L. McEWEN, J. BEARD, R. JOHNSON AND R. MADDEN,<br><br>　　　　　　　　　　　Defendants. | Case No.: 17cv0243-CAB (BGS)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM WITHOUT LEAVE TO AMEND** |

Donnie Ray McKinley Jr. ("Plaintiff"), a California state prisoner incarcerated at Centinela State Prison in Imperial, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff states that upon his incarceration in 1997, money began being taken from his prisoner trust account to satisfy a $10,000 restitution order which he alleges was not facially valid, and which he succeeded in having reduced in 2014 to $200, and although he was refunded $714.95, which the prison authorities contend is the entire amount taken from his inmate trust account to satisfy the restitution order, he is unable to obtain a true accounting because a

1

print-out of his inmate trust account statement prior to 2008 is not available due to the installation of a new accounting system in 2008. (Compl. at 6-23.) He claims that the collection of funds to satisfy a facially invalid restitution order, and the failure to provide him with a true accounting, has violated his Fourteenth Amendment right to due process of law, and his Eighth Amendment right to be free from excessive fines and cruel and unusual punishments. (Id.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

**I.      Plaintiff's Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States must pay a filing fee. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, even if he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," see Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28

---

[1] In addition to the $350 statutory fee for this action, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a prison certificate attesting to his trust account balance and activity for the six-month period prior to the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. This certificate shows that Plaintiff has had no monthly deposits, has carried no average balance, and had no available funds to his credit at the time of filing. [ECF No. 2 at 4.] Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); Taylor v. Delatoore, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") However, the entire $350 balance of the filing fee due for this case must be forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

"The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants

who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" falls short of meeting the Iqbal plausibility standard. Id.; see also Moss v. U. S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1983, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), it may not, in so doing, "supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."

Graham v. Connor, 490 U.S. 386, 393-94 (1989). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

**B. Plaintiff's Allegations**

Plaintiff alleges that when he was received into the California Department of Corrections and Rehabilitation ("CDCR") in 1997, Defendant Correctional Case Records Specialist R. Frentz entered a $10,000 restitution fine into his CDCR record without proper documentation from the trial court. (Compl. at 11-12.) From 1997 to 1999, Defendants Ruth Young, C. Stewart and Beth of the Legal Processing Unit of the CDCR failed to become aware of the improper fine, and Defendant Delores Paschal failed to properly supervise those Defendants. (Id. at 12-13.) From 1999-2001, Defendants Correctional Case Records Managers Kathy Moore and L. Kearns were deliberately indifferent to the lack of proper authentication of the restitution fine. (Id. at 13.) Plaintiff filed an administrative appeal on January 18, 2010, challenging the failure to properly authenticate his restitution fine, and was interviewed on February 8, 2010 by Defendant Correctional Case Records Supervisor E. Butler. (Id.) Defendant Butler denied relief, and Plaintiff alleges that Butler's supervisor Defendant J.T. Ochoa, his supervisor Defendant L. McEwen, and Defendant J. Beard, the Secretary of the CDCR at the time, all chose to remain deliberately indifferent to the failure to properly authenticate the restitution order. (Id. at 13-14.) On February 27, 2015, the Riverside Superior Court found that Plaintiff had not been advised of the imposition of the restitution fine at sentencing as required by law, and lowered the restitution fine to the statutory minimum of $200. (Id. at 14, 66.) Plaintiff claims the Defendants, by deducting money from his inmate trust account prior to the reversal by the state court, violated his rights to due process and to be free from excessive fines and cruel and unusual punishment. (Id. at 15.)

Plaintiff states that he filed an administrative appeal on July 8, 2015, requesting reimbursement and an audit of the money improperly deducted from his inmate trust

account. (Id. at 17-20.) He contends Defendant Associate Warden R. Johnson issued a first-level response ordering a refund, and he received a $714.95 refund along with an accounting signed by Defendant Warden R. Madden. (Id. at 20.) Plaintiff states that he contested the amount of the refund, and alerted CDCR authorities that the audit did not include funds removed prior to November 3, 2008. (Id.) On July 17, 2015, Plaintiff received a second level response signed by Defendant R. Madden which stated that he had been refunded all amounts collected, which included $377.69 collected under the pre-2008 accounting system, and $337.26 collected under the new accounting system, but that a print-out of his inmate trust account prior to November 2008 was not possible due to the change in systems. (Id. at 20, 75.) Plaintiff states that on September 29, 2015, a third level response was denied by a designee of Defendant J. Beard, without a full accounting. (Id. at 21.) Plaintiff alleges these Defendants were deliberately indifferent to, and failed to supervise their subordinates in, the denial of his rights to due process of law and to be free from excessive fines and cruel and unusual punishment arising from the confiscation of, and failure to fully account for, the money taken from his inmate trust account to satisfy an invalid restitution order. (Id. at 21-22.)

**C. Analysis**

For the following reasons, the Court finds that Plaintiff's allegations that his property was confiscated and not fully accounted for by Defendants fails to state a substantive or procedural due process claim, or an Eighth Amendment excessive fines or cruel and unusual punishments claim, upon which § 1983 relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). Because it is clear that Plaintiff is unable to overcome the defects of his pleading, the dismissal is without further leave to amend.

A state inmate has a property interest protected by federal due process in the funds in his prison trust account. Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). However, a deduction from an inmate trust account to satisfy a restitution order does not state a substantive or procedural due process claim if the deduction is authorized by state law. See Turner v. Safley, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on

inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.") The Ninth Circuit has held that "California Penal Code § 2085.5, requiring the California Director of Corrections to make deductions from the wages and trust account deposits of prisoners for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims." Craft v. Ahuja, 475 Fed.Appx. 649, 650 (9th Cir. 2012), citing Turner, 482 U.S. at 89; see also Abney v. Alameida, 334 F.Supp.2d 1221, 1231-32 (S.D. Cal. 2004) (allegations of deductions from a prisoner's trust account to satisfy a restitution order, whether authorized or unauthorized by state law, fail to state a claim for a violation of substantive or procedural due process). Accordingly, to the extent the removal of funds from his prison trust account to satisfy a restitution order was authorized by California law, Plaintiff has not stated a substantive or procedural due process claim upon which relief can be granted.

To the extent Plaintiff contends the deductions were not authorized by state law because the restitution order was not valid on its face or the deductions were inaccurate, he has also failed to state a due process claim. He alleges that he repeatedly informed Defendants that the deductions from his account were not authorized, and that the Defendants have been and remain deliberately indifferent to whether he receives an accurate accounting. Where a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.") Thus, to the extent Plaintiff challenges the unauthorized or negligent taking of his money in contravention of a statute or regulation authorizing it, the

7

CTCA provides him with an adequate state post-deprivation remedy, and his substantive and procedural due process claims challenging the confiscation of and failure to return money taken from his inmate trust account are not cognizable in a § 1983 action.

In addition, to the extent Plaintiff seeks to hold the Defendants liable for the failure to properly adjudicate his inmate grievances or his request for an accurate accounting, he has no federal constitutional right to an effective grievance or appeal procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (finding no § 1983 liability for actions of prison officials in reviewing inmate appeals because inmates have no federal constitutional right to a prison grievance system); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.")

Finally, Plaintiff has not stated an Eighth Amendment claim upon which relief may be granted. "The Eighth Amendment provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted'" Norris v. Morgan, 622 F.3d 1276, 1285 (9th Cir. 2010), quoting U.S. Const. amend VIII.

Plaintiff has not stated an excessive fines claim because in order "[t]o establish § 1983 liability, a plaintiff must show both (1) deprivation of *a right secured by the Constitution and laws of the United States*, and (2) that the deprivation was committed by a person acting under color of state law." Tsao, 698 F.3d at 1138 (emphasis added). Unlike most other provisions of the Bill of Rights, the Supreme Court has never held that the Excessive Fines Clause of the Eighth Amendment applies to the States by virtue of incorporation into the Fourteenth Amendment's Due Process Clause. See McDonald v. Chicago, 561 U.S. 742, 765 n.13 (2010) (holding that the Second Amendment right to keep and bear arms is applicable to the states by virtue of its incorporation into the Due Process Clause of the Fourteenth Amendment, and noting that the only provisions of the Bill of Rights which have not yet been so incorporated are the Third Amendment's protection against quartering soldiers, the Fifth Amendment's grand jury indictment requirement, the Seventh Amendment right to a jury trial in civil cases, and the Eighth Amendment's prohibition on excessive fines).

Neither has Plaintiff stated a cruel and unusual punishments claim. In order to state an Eighth Amendment cruel and unusual punishments claim, Plaintiff must allege the fine inflicted upon him is grossly disproportionate to his criminal offense. United States v. Mackby, 339 F.3d 1013, 1016 (9th Cir. 2003). The Complaint indicates that Plaintiff was convicted of murder, assault with deadly weapon, battery, robbery, and five counts of attempted robbery, all involving the use of a firearm except the battery conviction, and is serving a sentence of life imprisonment without the possibility of parole plus nineteen years. (Compl. at 52-53.) Because Plaintiff does not allege that the amounts collected to pay restitution to the victims of his crimes is grossly disproportionate to his criminal offenses, he has not stated an Eighth Amendment cruel and unusual punishments claim upon which relief can be granted.

### D. Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015), quoting Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that amendment would be futile because, as discussed above, it is clear that Plaintiff is unable to state a claim for relief arising from the taking of money from his inmate trust account. In addition, Plaintiff was notified of that deficiency of pleading in So.Dist.Ca.Civil Case No. 11cv1292-BTM (MDD). In that case, Plaintiff filed a civil complaint pursuant to 42 U.S.C. § 1983 against the Director of the CDCR, two of the same CDCR employees named here, and the Clerk of the Riverside County Superior Court who entered the $10,000 restitution order, seeking damages from the allegedly unlawful taking of money from his inmate trust account to satisfy the restitution order, and an injunction modifying the restitution order (which at the time had not yet been reduced by the superior court). (See Compl. filed 6/10/11 [ECF No. 1] in So.Dist.Ca.Civil Case No. 11cv1292-BTM (MDD).) The Complaint was dismissed on initial screening without leave to amend on the basis that any amendment would be futile because: (1) the Clerk of the Riverside

County Superior Court was entitled to absolute quasi-judicial immunity, (2) the Court lacked jurisdiction to order modification of a state-court restitution order under <u>Rooker v. Fidelity Trust Company</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), and (3) the CTCA provided an adequate post-deprivation remedy for the loss of any money taken from Plaintiff's inmate trust account to satisfy the restitution order. (<u>See</u> Order filed 9/19/11 at [ECF No. 5] in So.Dist.Ca.Civil Case No. 11cv1292-BTM (MDD).)

As set forth above, Plaintiff cannot state a § 1983 claim upon which relief may be granted based on the taking of money from his inmate trust account, whether authorized or unauthorized, to pay his restitution fine. In addition, Plaintiff has been notified of the inability to state such a claim in a previous action in this Court and has failed to cure that pleading defect in the instant Complaint. Because it is clear that any amendment would be futile, the Court declines to grant Plaintiff leave to amend. See <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); <u>Newland v. Dalton</u>, 81 F.3d 904, 907 (9th Cir. 1996) ("While Fed.R.Civ.P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments.")

### III. Conclusion and Orders

Based on the forgoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (EFC No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint with prejudice and without leave to amend for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

Dated: June 21, 2017

Hon. Cathy Ann Bencivengo
United States District Judge